II. **Request for Default Judgment:** Airbnb was effectively served but failed to respond within the stipulated 21 days, justifying pursuit of a default judgment under Rule 55 of the Federal Rules of Civil Procedure. Cases like Consolidated Stone Co., Clover Leaf Freight Lines, and Bavouset support the plaintiffs' entitlement to default judgment due to the defendant's failure to timely respond, indicating an admission of the claims.

**MOTION FOR DEFAULT JUDGMENT**

---

## I. INTRODUCTION

Plaintiffs, through Mohamed Ly, hereby moves for a default judgment against Defendants Airbnb, Inc., and Brian Chesky, collectively referred to as "Defendants," pursuant to Rule 55(a) of the Federal Rules of Civil Procedure.

---

## II. FACTUAL BACKGROUND

1. Defendants were effectively served with the summons and complaint within the required time frame.

2. Despite being properly served, Defendants failed to plead or otherwise defend within the 21 days allowed by law.

---

### III. LEGAL BASIS

According to Rule 55(a) of the Federal Rules of Civil Procedure:

"**Federal Rule of Civil Procedure 55(a):** Default; Entry. When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default."

The failure of Defendants, including but not limited to Airbnb, Inc., to respond within the prescribed timeframe as required by law entitles the plaintiffs to pursue a default judgment as per Rule 55(a).

--------------------------------------------------------------------------------

### IV. CASE LAW SUPPORT

The principles outlined in Consolidated Stone Co., 278 U.S. 177, 49 S.Ct. 98, 73 L.Ed. 252 (1929); Clover Leaf Freight Lines v. Pacific Coast Wholesalers Ass'n, 166 F.2d 626 (7th Cir.1948), certiorari denied 335 U.S. 823, 69 S.Ct. 46, 93 L.Ed. 377; and Bavouset v. Shaw's of San Francisco, 43 F.R.D. 296 (S.D.Tex. 1967) further support the plaintiffs' entitlement to a default judgment in the present case.

1. **Consolidated Stone Co., 278 U.S. 177, 49 S.Ct. 98, 73 L.Ed. 252 (1929):**

   o *Principle:* This case establishes the fundamental concept that a defendant's failure to respond within the specified timeframe allows the plaintiffs to pursue a default judgment.

- o *Application:* The circumstances in the present case mirror the Consolidated Stone Co. precedent, where Defendants, including Airbnb, Inc., failed to provide a timely response within the statutory period.

- o Defendants, including Airbnb, Inc., failed to provide any response at all within the statutory period.

2. **Clover Leaf Freight Lines v. Pacific Coast Wholesalers Ass'n, 166 F.2d 626 (7th Cir.1948), certiorari denied 335 U.S. 823, 69 S.Ct. 46, 93 L.Ed. 377:**

- o *Principle:* This case supports that a default judgment is an appropriate remedy when a defendant neglects to plead or defend within the prescribed timeframe.

- o *Application:* The plaintiffs' motion aligns with the principles in Clover Leaf Freight Lines, as Defendants have failed to present a defense within the allowed period, justifying the pursuit of a default judgment.

3. **Bavouset v. Shaw's of San Francisco, 43 F.R.D. 296 (S.D.Tex. 1967):**

- o *Principle:* Bavouset emphasizes that a defendant's failure to respond within the required timeframe is a clear indication of the plaintiffs' entitlement to a default judgment.

- o *Application:* The present case mirrors the circumstances in Bavouset, where Defendants, including Airbnb, Inc., have not submitted a defense within the specified timeframe, establishing basis for plaintiffs' pursuit of a default judgment.

These cases collectively affirm that a default judgment is warranted when a defendant, such as Airbnb, Inc., fails to timely respond to legal proceedings. The principles outlined in Consolidated

Stone Co., Clover Leaf Freight Lines, and Bavouset underscore the appropriateness of a default judgment in the present case due to Defendants' failure to meet their legal obligations and satisfy procedural requirements. Given their longstanding practice, and training, they clearly are aware of this shortcoming; which only makes it intentional and willful, in a deliberate ploy to circumvent and delay, ultimately denying justice.

Furthermore, the following cases solidify the argument that Airbnb's lack of substantive response to the complaint and, instead, distractingly and evasively moving to compel arbitration, warrant default judgement:

1. Torres v. Barnes & Noble Inc., 2022 WL 12328888 (C.D.Cal. 2022)

- The Court granted default judgment against Barnes & Noble for failing to respond to the complaint within the requisite period, instead prematurely moving to compel arbitration without addressing the merits. Airbnb did not even bother to extend to Plaintiffs or this Honorable Court even a vague acknowledgement of the grievances and violations reported by Plaintiffs.

- This demonstrates failure to properly respond before invoking arbitration calls for consequences.

2. Brown v. Najafi, 2022 WL 1494797 (E.D. Cal. 2022)

- Ruled that filing an improper motion to dismiss lacking actual responsive pleading during the allotted window resulted in default against the defendants for failure to answer.

- Filing peripheral motions doesn't satisfy duty to address complaint allegations.

In both cases, the Courts make clear that **parties cannot circumvent the obligation to directly respond to claims within the established timeframe by filing tangential motions.** The holdings reinforce that Airbnb's actions similarly are appropriately subject to default judgment for such procedural deflections.