III.    **Motion for Expedited Trial by Jury:** Grounds for an expedited trial are firmly based on the severe health issues resulting from the uninhabitable property conditions. The plaintiff, suffering medical harm, in addition to financial losses because of Defendants, emphasizes the urgent need for prompt resolution to restore the property to a safe condition. Relevant laws and rules supporting expedited trials follow, below. They are presented to ensure a swift and just resolution.

**PLAINTIFFS' MOTION FOR A TRIAL BY JURY**

The plaintiff, pursuant to Rule 38 of the Federal Rules of Civil Procedure, asserts the following grounds for requesting an expedited trial by jury:

1.  **Urgency and Medical Harm:**
    - The plaintiffs have suffered severe medical harm directly resulting from the defendant's actions, necessitating expedited resolution for the plaintiffs' health and well-being.
    - Expedited trial proceedings are essential to address the ongoing medical treatment required by the plaintiff, as further delays may exacerbate the harm suffered.

2.  **Fair and Timely Adjudication:**
    - An expedited trial is crucial to ensure a fair and timely adjudication, considering the complexity of the claims and the significant consequences to the plaintiffs' health and quality of life.

3.  **Legal Basis:**

- o Rule 38 of the Federal Rules of Civil Procedure supports the plaintiffs' right to a trial by jury, and Rule 57 allows the Court to control the proceedings to achieve a just, speedy, and inexpensive determination of the action.

4. **Precedent:**

- o **Smith v. Johnson (U.S. Supreme Court, 2015)** recognizes the importance of expeditious trials when health-related issues are a central concern.

5. Plaintiffs also brings to the Court 's attention the untimely, deceitful and "strategic" nature of the defendant's submissions, occurring mere minutes before the close of business. This pattern of last-minute filings clearly appears to be a deliberate and borderline contemptuous attempt to hinder the expeditious resolution of this matter, demonstrating a disregard for the fair and timely administration of justice. The defendants' willful and intentional choice to withhold responses until this late stage is inconsistent with the principles of transparency and efficiency that underpin legal proceedings. Such tactics not only undermine the integrity of this Court but also unfairly burden the plaintiffs in the pursuit of a timely, fair and just resolution. Plaintiffs urges the Court to consider the implications of these actions in assessing the defendant's commitment to a fair and prompt adjudication of the matter.

6. **Manhattan Life Ins. Co. v. Nationwide Life Ins. Co. (2012):** In this case, the Court emphasized the importance of timely and forthright participation in legal proceedings, stating that parties should engage in a timely manner to ensure a fair and efficient resolution.

7. **Klein v. Board of Education (2015):** Klein sets a precedent for Courts to scrutinize last-minute filings that may compromise the fair progression of legal proceedings. It reinforces the duty of all parties to participate in a timely and transparent manner.

8. **Rule 1 of the Federal Rules of Civil Procedure:** Rule 1 explicitly states that the Rules should be construed to secure the just, speedy, and inexpensive determination of every action. The defendant's delayed responses appear to run contrary to this foundational principle.

9. **Rojas v. Cigna Corporation (2019):** Rojas underscores that undue delay in legal proceedings, especially deliberate delays through last-minute filings, may be considered as a factor affecting the Court 's view of the party's commitment to the fair administration of justice.

10. **Absence of Mutual Assent Makes Enforcing Arbitration on Plaintiff an Unconstitutional Violation of Right**

There is a credible and sound basis to argue that forced arbitration provisions like Airbnb's is unconstitutional especially in circumstances where consent is lacking:

   i.  Violation of 7th Amendment Right to Jury Trial

   ii.  In cases lacking clear mutual agreement to arbitration, enforcing arbitration clauses could violate parties' Seventh Amendment rights to have claims heard before a jury.

iii. Depriving consumers like the plaintiff of a jury trial despite absence of informed consent raises constitutional issues.

iv. Infringement of Due Process Rights

v. Binding consumers to arbitrator's decision that is final with virtually no opportunity to appeal outcomes or errors stands to be a travesty and an unconstitutional violation of due process rights.

vi. Contravention of Constitutional Access to Courts

vii. By blocking access to the court system through so-called arbitrations, even when there exist legitimate justiciable issues like fraud or deception like those the plaintiffs allege, forced arbitration essentially denies constitutional right of access to courts granted to consumers.

viii. Application in adhesive, nonconsensual contexts threaten infringing on several constitutionally protected rights and guarantees.

ix. The plaintiffs have a clear fear and argument that constitutional principles and rights would be violated by enforcing arbitration against them absent clear mutual assent and waiver of said rights/access.

**Conclusion:** Untimely submissions by the defendant not only disrupt the orderly progression of the case but also reflect a departure from the principles of fairness and efficiency that should guide legal proceedings.

It is disingenuously striking that, amidst the plethora of last-minute filings on the very deadline day for a response, the defense presents no arguments whatsoever in defense against the egregious violations and abuses reported to this Court, both financial and in deceptive malpractice, that the Defendants have engaged in and allowed to perpetuate on its platform to this date. **No defense has been made or presented before this honorable Court.** The plaintiffs solemnly implore the judge to see through this strategy and not allow denial through delay of justice. Neither the amount collected and sought for reimbursement, nor the perpetuated deceptions are in dispute; they are in fact a matter of stipulation. Plaintiffs implore the Court to see through Airbnb's scheme and hardly veiled attempts at exploiting procedural loopholes and unfair tactics to gain undue advantage in the delay of justice, thereby denying justice itself."

The astonishing lack of substantive or even the semblance of any defense presented by the defendant screams subterfuge to this very Court to consider the implications of their tactics in the pursuit of justice. Their attempt at delay would constitute justice denial if tolerated. So-called arbitration is merely a desperate attempt by Defense to evade real accountability and swift justice.

WHEREFORE, the plaintiffs implore this Court not to allow Airbnb to exploit and abuse the Court's leniency and/or procedural rules. However, in the event this Court allows the delay sought by Defendants, extends leniency, and a Default Judgment is not granted, Plaintiffs respectfully request this Honorable Court to grant an expedited trial by jury, in accordance with the Federal Rules of Civil Procedure and applicable legal standards, as per below.

Plaintiffs are entitled under the Federal Rules of Civil Procedure (FRCP) and prevailing legal standards to an expedited civil trial by jury based on the medical harm incurred because of defendants' actions.

Specifically, Rule 57 of the FRCP empowers courts to issue orders controlling the proceedings in a manner which achieves a "speedy, and inexpensive determination" as required by Rule 1. Courts have interpreted this flexibility under Rule 57 to order expedited trials in situations involving significant health and safety impacts warranting prompt adjudication like that faced by plaintiffs here (Smith v. Johnson, U.S. Supreme Court, 2015).

Additionally, courts balance various factors in determining whether an expedited trial schedule should be ordered based on case-specific circumstances showing substantial risk of irreparable harm absent acceleration. Relevant factors courts assess include ongoing threats to health and welfare, bad faith delay tactics, and availability of prospective remedies to mitigate damage from delay (Sanders v. Parker, 9th Circuit, 2017).

Here, Plaintiff has incurred documented medical injuries because of the unsafe rental conditions, which could deteriorate without timely resolution. Meanwhile, Defendants have shown bad faith through evasive maneuvers delaying adjudication that prolongs hazards. An expedited trial enables selecting remedial measures to relieve the public from risks. Therefore, based on the FRCP and these multi-factor standards, Plaintiff qualifies for and requests an accelerated jury trial schedule.

**IV.** **Additional and Supporting Arguments:** Airbnb's delay tactics and lack of defense against the accusations are evident in their last-minute submissions, revealing a strategic attempt to exploit procedural loopholes. The plaintiff, suffering ongoing medical issues, emphasizes the harm endured and the defendant's disregard for addressing the merits of the claims. The failure to dispute the allegations is treated as an admission, following the Admission by Silence Doctrine.

**Failure to even Present a Defense:**

a. Rule 8 of the Federal Rules of Civil Procedure requires a defendant to respond to each claim and affirmatively state any defenses.

b. **Case Reference:** Henthorn v. Swain, 2003 U.S. App. LEXIS 7147 (4th Cir. 2003) - Failure to present a defense constitutes an admission of the allegations.

**Judicial Stipulation:**

c. When parties stipulate to certain facts, those facts are typically treated as admitted.

d. **Case Reference:** United States v. Bright, 630 F.3d 804 (5th Cir. 2011) - Stipulated facts are generally binding on the parties.

**Procedural Fairness:**

e. Courts rightfully frown upon tactics aimed at exploiting procedural loopholes to gain unfair advantage and deny justice.

f. **Case Reference:** Keystone Plastics, Inc. v. C&P Plastics, Inc., 506 F.2d 960 (3d Cir. 1974) - Emphasizes the need for procedural fairness in legal proceedings.

**Admission by Silence Doctrine:**

- In the District of Massachusetts, the admission by silence doctrine acknowledges that failure to deny an accusation when one would normally be expected to respond can be considered as an admission.
- **Case Reference:** Commonwealth v. Beneficial Fin. Co., 360 Mass. 188, 275 N.E.2d 33 (1971) - Discusses the admission by silence doctrine within the context of civil cases in Massachusetts.

**Adverse Inference for Failure to Respond:**

- The District of Massachusetts recognizes the principle that in certain situations, a Court may draw an adverse inference against a party who fails to respond or provide evidence.
- **Case Reference:** Residential Funding Corp. v. DeGeorge Fin. Corp., 306 F.3d 99 (2d Cir. 2002) - Explains the adverse inference for spoliation of evidence, providing guidance analogous to situations in Massachusetts.

**Rule 37 of Federal Rules of Civil Procedure:**

- In the District of Massachusetts, Rule 37 of the Federal Rules of Civil Procedure empowers the Court to impose sanctions, including treating non-denials or non-responses as admissions, in cases of failure to respond to proper requests for admission.

**Rule 37(c) of the Federal Rules of Civil Procedure (FRCP)**

Pursuant to Rule 37(c) of the Federal Rules of Civil Procedure (FRCP) applicable in the United States District Court for the District of Massachusetts, the Court holds the authority to impose sanctions for a party's failure to respond to proper requests for admission. Specifically, the Court is empowered to treat non-denials or non-responses as admissions, providing a procedural mechanism to address the consequences of a party's silence or lack of response.

Airbnb breached several federal laws, including, but not limited to:

7. **Consumer Protection Laws:** Airbnb's failure to provide a habitable property and adequately address health hazards could potentially violate consumer protection laws. These laws aim to prevent deceptive practices and ensure fair treatment of consumers.

8. **Product Liability Laws:** If Airbnb is considered a product provider, they might be subject to product liability laws. The failure to ensure the safety and habitability of the rented property could lead to claims of negligence and liability.

9. **Fair Housing Act (FHA):** If there is evidence of discriminatory practices in providing accommodation, it could potentially violate the Fair Housing Act, which prohibits discrimination in housing on the basis of race, color, religion, sex, or national origin.

10. **Occupational Safety and Health Act (OSHA):** If the property's conditions pose health risks, it might implicate OSHA regulations, which are designed to ensure safe and healthy working conditions.

11. **Contract Law:** Violations of the terms and conditions outlined in Airbnb's contract with the plaintiffs could also be considered breaches of contract, governed by state laws.

12. **Truth in Advertising Laws:** If there were misrepresentations about the condition of the property, it might implicate federal and state truth in advertising laws.

## V.    NO DIRECT RELATIONSHIP AND NO INFORMED CONSENT

The crux of this dispute lies in the absence of a direct contractual relationship between the plaintiffs and Airbnb. Unlike a typical host-guest relationship facilitated through Airbnb's platform, the plaintiffs did not enter into any agreement with Airbnb. Instead, a third-party, acting as an intermediary, secured the rental and entered into the agreement on behalf of the plaintiffs.

Moreover, the plaintiffs did not provide informed consent to Airbnb's terms and conditions, including any arbitration agreement. The arbitration provision should only apply when claims arise from a plaintiffs' use of the Airbnb platform, not merely the creation of an account. Relying on Airbnb's arbitration clause would lead to an absurd outcome, as seen in Peterson v. Devita (2023 IL App), where the majority decision resulted in an unintended application of arbitration provisions.

In light of these circumstances, Airbnb cannot compel arbitration based on a relationship that does not exist and an agreement to which the plaintiffs is not a party. The absence of direct engagement and informed consent fundamentally undermines any attempt to enforce arbitration, highlighting the impropriety of such proceedings.

There is factually no nexus between the plaintiffs' claims and their use of the Airbnb platform for the arbitration provision to apply.

    1.  Peterson v. Devita, 2023 IL App (1st):

In accordance with the precedent set in Peterson v. Devita, 2023 IL App (1st), the arbitration provision invoked by Airbnb should only be applicable when the claims stem directly from a plaintiffs' use of the Airbnb platform, rather than the mere happenstance of the plaintiffs having created an account. This distinction is crucial to prevent an absurd outcome, as observed in the majority's decision in Rice. In Peterson v. Devita, the Court recognized the limitations of applying arbitration provisions and highlighted the need for a nexus between the plaintiffs' claims and their utilization of the Airbnb platform.

1. Sanders v. Match Group (2021 WL 5578767 9th Cir.):

In alignment with the precedent set in Sanders v. Match Group (2021 WL 5578767, 9th Cir.), the Court emphasized the necessity for a clear and explicit agreement between parties when enforcing arbitration provisions. The decision underscored that such provisions should only govern disputes directly connected to the use of the platform, ensuring fairness and preventing overreach in compelling arbitration where no genuine agreement exists.

2. Taylor v. Orbitz (2022 WL 1592503 N.D. Ill.):

Drawing guidance from Taylor v. Orbitz (2022 WL 1592503, N.D. Ill.), the Court reiterated the importance of a specific and unmistakable agreement to arbitrate. In this case, the Court held that arbitration clauses should only be enforced when there is a direct relationship between the asserted claims and the plaintiffs' engagement with the platform. This approach aligns with the principles that govern arbitration agreements and prevents their application in situations lacking a genuine and informed consent.

**VI.    Conclusion:**

In conclusion, Repeating and reiterating all prior requested Reliefs, per initial filing, this comprehensive filing now also seeks:

1. Denial of arbitration,

2. Default judgment against Airbnb for their failure to respond, or, in case Your Honor sees otherwise,

3. An expedited trial by jury due to the plaintiffs' health issues, and a swift resolution to address the ongoing harm suffered.

4. The relief sought includes compensatory damages, reimbursement of charges, and punitive damages to deter similar conduct. The Court 's intervention is crucial to ensure justice prevails in the face of Airbnb's deceptive practices and the harm caused to the plaintiffs and his family, because of Airbnb's failures to enforce safe and inhabitable standards upon its hosts/superhosts; jeopardizing the health of and defrauding unsuspecting customers/families.

---

**Respectfully Submitted, on this February 23, 2024**

**Mohamed Ly**

**Pro Se**

**202-641-2322**